# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Shakaira L. Davis,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:18-cv-475

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

On May 1, 2019, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending that the Court overrule Shakaira Davis's ("Plaintiff") Statement of Errors and affirm the decision of the Commissioner of Social Security ("Commissioner"). R&R, ECF No. 18. Plaintiff timely objected. Obj., ECF No. 19.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In her objection to the R&R, Plaintiff asserts that the Magistrate Judge erred in concluding that the ALJ gave good reasons for affording greater weight

to one treating source's opinion over another. The Social Security "regulations require the ALJ to 'always give good reasons in the notice of determination or decision for the weight' given to the claimant's treating source's opinion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration removed). The ALJ's "good reasons" must be supported by substantial evidence in the record. *Id.* at 406–07 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

Here, as the Magistrate Judge explained, the ALJ found that the treating source opinions of Dr. Ratliff were entitled to lesser weight because: (1) one of them was based on assumptions that Plaintiff's work environment would be characterized by "strong fumes, poor ventilation, heavy lifting, or chronic lifting and bending"; (2) the opinions rendered for Franklin County Job and Family Services ("FCJFS") were "limited examinations, each based on one physical examination"; (3) the same FCJFS opinions determined that Plaintiff is "disabled," even though that is an area reserved to the Commissioner; and (4) the opinion of Dr. Kaeding, Plaintiff's other orthopedic specialist, is more consistent with the record evidence. ALJ Op., ECF No. 10-9, PageID ## 882–88. After a *de novo* review of the record, the Undersigned agrees that these reasons are supported by substantial evidence and are a correct application of the law. *Blakely*, 581 F.3d at 406.

Accordingly, Plaintiff's objection is **OVERRULED**.[1] The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In her Statement of Specific Errors, Plaintiff also argued that the ALJ did not give good reasons for rejecting Dr. Ratliff's opinion regarding Plaintiff's mental health condition. Statement of Specific Errors 15–17, ECF No. 13. The Magistrate rejected that argument, concluding that the ALJ was entitled to give that opinion less weight because Dr. Ratliff is not a mental health professional. R&R 10–11, ECF No. 18. Plaintiff abandons that argument on objection and the Court therefore does not address it.